EDP:ADW
F. # 2020R00331

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

ROBERT CRUZ,

        Defendant.

- - - - - - - - - - - - - - - - X

PLEA AGREEMENT

20 CR 206 (WFK)

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ROBERT CRUZ (the "defendant") agree to the following:

    1.    The defendant will plead guilty to the sole count of the above-captioned indictment, charging a violation of 18 U.S.C. § 922(g)(1). The count carries the following statutory penalties:

        a.    Maximum term of imprisonment: 10 years
            (18 U.S.C. § 924(a)(2)).

        b.    Minimum term of imprisonment: 0 years
            (18 U.S.C. § 924(a)(2)).

        c.    Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
            (18 U.S.C. §§ 3583(b)(2) & (e)).

        d.    Maximum fine: $250,000
            (18 U.S.C. § 3571(b)(3)).



COURT'S
EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 20CR206
DATE: 7/24/23

e. Restitution: None
(18 U.S.C. § 3663).

f. $100 special assessment
(18 U.S.C. § 3013).

g. Other penalty: criminal forfeiture, as set forth in paragraphs 6 through 11 below
(18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c)).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 20, which is predicated on the following Guidelines calculation:

Base Offense Level (§ 2K2.1(a)(4))                     20

Total:                                                  <u>20</u>

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 18 and a range of imprisonment of 57 - 71 months, assuming that the defendant falls within Criminal History

Category VI. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before July 28, 2023, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 17. This level carries a range of imprisonment of 51 - 63 months, assuming that the defendant falls within Criminal History Category VI.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 71 months or below, with the sole and limited exception that, pursuant to Federal Rule of Criminal Procedure 11(a)(2), the defendant may appeal the District Court's October 12, 2022 order denying the defendant's March 14, 2022 motion to suppress (ECF No. 33). See ECF No. 49. As part of any appeal pursuant to this paragraph, the defendant agrees not to appeal or otherwise challenge (1) the legal basis for the NYPD's initial stop of the defendant; (2) the legal basis for the NYPD's questioning of the defendant; or (3) the District Court's finding that <u>Miranda</u> warnings were not required prior to the NYPD's questioning of the defendant. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any

reason, (b) the defendant violates this agreement or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

    5.    The Office agrees that:

        a.    no further criminal charges will be brought against the defendant for his possession, in or about March 2020, of one .38 caliber Smith & Wesson revolver and ammunition, after having previously been convicted of a felony, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.;

and, based upon information now known to the Office, it will

        b.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its

4

obligations under this agreement, including but not limited to the provisions of paragraphs 5(a)-(b).

6. The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 922(g)(1), as alleged in the above-captioned indictment. The defendant consents to the forfeiture of all right, title and interest in the following asset: one .38 caliber Smith & Wesson revolver bearing serial number D302695 and ammunition (the "Seized Firearm and Ammunition"). The defendant agrees that the Seized Firearm and Ammunition represent a firearm or ammunition involved in or used in the defendant's knowing violation of 21 U.S.C. § 922(g)(1) and/or substitute assets, and thus is forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c). The defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting the Seized Firearm and Ammunition.

7. If the defendant fails to surrender and forfeit the Seized Firearm and Ammunition, the defendant consents to the forfeiture of any other property of his up to the amount of the value of the Seized Firearm and Ammunition, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

8. The defendant agrees to fully assist the government in effectuating the surrender and forfeiture of the Seized Firearm and Ammunition to the United States, and to take whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any documents necessary to effectuate the surrender and transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the Seized Firearm and Ammunition in any administrative or judicial

(civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Firearm and Ammunition in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim to the Seized Firearm and Ammunition, the defendant will assist the government in defending such claim.

9. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

10. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Seized Firearm and Ammunition, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

11. The defendant agrees that the forfeiture of the Seized Firearm and Ammunition is not to be considered a payment of a fine, penalty, restitution loss amount or any income taxes that may be due, and shall survive bankruptcy.

12. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

13. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.

Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
　　　　July 24　　, 2023

> BREON PEACE
> United States Attorney
> Eastern District of New York
>
> By: _____
> Andrew D. Wang
> Assistant United States Attorney
>
> Approved by: _____
> Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ROBERT CRUZ
Defendant

Approved by:
_____
Michael Padden
Counsel to Defendant