UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

ROBERT CRUZ,

                     Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CR-206 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 24, 2023, Defendant pled guilty to the sole count of an Indictment, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plea Agreement ¶ 1, ECF No. 62. The Court now sentences Defendant and provides a complete statement of reasons, pursuant to 18 U.S.C. § 3553(c)(2), of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to 63 months' imprisonment; two years' supervised release with both the special and standard conditions of supervision; and a $100.00 mandatory special assessment.

## I. BACKGROUND

Defendant is a convicted felon who is prohibited by law from possessing a firearm or ammunition. Sealed Presentence Investigation Report ("PSR") ¶ 5, ECF No. 66. On March 18, 2020, three uniformed New York City Police Department ("NYPD") officers observed Defendant driving a motorcycle without a license plate, in violation of the traffic laws. PSR ¶ 6; Mem. & Order Denying Mot. to Suppress ("Mem. & Order") at 3, 6–7, ECF No. 49. The officers were in an unmarked police car equipped with emergency lights, a siren, and tinted windows. PSR ¶ 6; Mem. & Order at 3–4.

After following Defendant for several blocks, the police officers pulled in front of Defendant to effectuate a stop. PSR ¶ 7. One of the officers got out of the police car and tried to grab Defendant to prevent him from driving away. PSR ¶ 7; Mem. & Order at 4. In response, Defendant revved the motorcycle's engine. PSR ¶ 7. "Because [the officer] was holding onto Defendant while Defendant attempted to drive away on his motorcycle, the motorcycle tipped

1

onto its side and Defendant fell to the ground." Mem. & Order at 4. All three police officers "fought with Defendant for approximately thirty-five seconds before securing handcuffs on both of Defendant's hands." *Id.* at 5. "During this interaction, the officers used profane insults, calling Defendant a 'piece of shit,' 'fucking cocksucker,' 'fucking asshole,' and 'fucking jerk off.'" *Id.*

The officers then searched Defendant, and he admitted to possessing a gun in the fanny pack strapped to his chest. PSR ¶ 8; Mem. & Order at 5. The fanny pack contained a loaded .38 Smith & Wesson revolver. PSR ¶ 9; Mem. & Order at 5.

*Procedural History*

On June 11, 2020, a grand jury returned a one-count Indictment, charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See generally* Indictment, ECF No. 6.

On March 14, 2022, Defendant moved to suppress the physical evidence of the gun and his post-arrest statements admitting to possession of the gun. *See generally* Mot. to Suppress, ECF No. 33. On July 28, 2022, the Court held an evidentiary hearing on Defendant's motion. *See* Minute Entry dated July 28, 2022. On October 12, 2022, the Court denied Defendant's motion, finding "the physical evidence and Defendant's post-arrest statements were not seized or taken in violation of Defendant's rights." Mem. & Order at 11.

On July 24, 2023, Defendant pled guilty to the sole count of the Indictment. Plea Agreement ¶ 1, ECF No. 62.

## II. LEGAL STANDARD

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider seven different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

3

## III. ANALYSIS

### A.     The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first Section 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

#### *1.     Family and Personal Background*

Defendant was born on October 7, 1972, in Mayaguez, Puerto Rico. PSR ¶ 52. Defendant never met his father, whose biographical information remains unknown. *Id.* Defendant's mother lives in Buffalo, New York, works as a store clerk, and is in good health. *Id.* Defendant has a close relationship with his mother and his two maternal half-siblings, all of whom are aware of the instant offense and supportive. *Id.* ¶¶ 52, 54.

When Defendant was five years old, his mother relocated the family to Brooklyn, New York. *Id.* ¶ 55. Defendant's mother worked multiple part-time jobs to support Defendant and his half-siblings. *Id.* Defendant reports growing up in a close-knit family free of abuse or neglect. *Id.* He does not recall his family ever receiving public assistance or facing eviction. *Id.*

Defendant has three children from previous romantic relationships: two sons, ages 31 and 32, and one daughter, age 26. *Id.* ¶¶ 56–60. Defendant's children are aware of the instant offense and supportive. *Id.* ¶¶ 57, 59. Through his daughter, Defendant has a four-year-old granddaughter. *Id.* ¶ 59. Defendant's daughter frequently takes Defendant's granddaughter to visit him in New York. *Id.* The father of Defendant's granddaughter was tragically murdered in Far Rockaway approximately four years ago. *Id.*

4

Defendant currently resides in Brooklyn, New York, with a close friend he identifies as "family." *Id.* ¶¶ 61–62. She supports Defendant financially and is the current suretor on his release bond. *Id.*

### 2. *Educational and Employment History*

Defendant attended Public School 111 in Brooklyn, New York, withdrawing after eighth grade. *Id.* ¶ 71. Defendant has primarily worked as a bicycle messenger between his periods of incarceration. *Id.* ¶ 74.

### 3. *Prior Convictions*

Excluding the instant offense, Defendant has twenty prior convictions, including seven felony convictions. *Id.* ¶¶ 24–42. Defendant's convictions are for, among other things: armed kidnapping; domestic violence; death threats; stalking; assault; robbery; drug dealing; and auto theft. *Id.*; *see also* Gov't Sent'g Mem. at 7, ECF No. 76. These convictions involved violent and dangerous behavior, including the abduction of a female victim, threats to kill multiple women, and showing up armed at victims' homes and workplaces. *Id.* Defendant has a criminal history score of twenty-two (22), resulting in a criminal history category of VI, which is the highest criminal history category in the Guidelines. *Id.* ¶¶ 43–44.

### 4. *Physical and Mental Health*

In 2012, Defendant was hit by a car, breaking both his legs, dislocating several discs, and suffering pinched nerves. *Id.* ¶ 66. After the accident, Defendant attended physical therapy three times a week for five months. *Id.* During his arrest for the instant offense, Defendant's ribs were fractured. *Id.* ¶ 64. He experiences ongoing chronic pain from his pre- and post-arrest injuries and uses a cane to prevent falls. *Id.* He is prescribed oxycodone and medical marijuana

to help treat the pain. *Id.* Defendant also has asthma for which he is prescribed an inhaler. *Id.* ¶ 65.

Defendant reports no history of mental or emotional health conditions. *Id.* ¶ 67.

     5.     *Substance Abuse*

From 2009 to 2011, while under parole supervision, Defendant attended drug and alcohol treatment. *Id.* ¶ 68. Defendant reports no history of alcohol or drug abuse. *Id.*

     6.     *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B.    The Need for the Sentence Imposed**

The second Section 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense, which involved illegally possessing a firearm despite his numerous prior felony convictions and significant criminal history. *See supra* Part I. The Court's sentence will deter others from engaging in similar acts and justly punish Defendant for his crimes. The Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third Section 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plea Agreement ¶ 1. He faces a statutory maximum term of ten (10) years' imprisonment and no minimum term. 18 U.S.C. § 924(a)(2). He also faces a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2). He is eligible for between one- and five-years' probation. 18 U.S.C. § 3561(c)(1). Unless extraordinary circumstances exist, one of the following must be imposed as a condition of probation: a fine, restitution, or community service. 18 U.S.C. § 3563(a)(2).

Defendant faces a maximum fine of $250,000.00. 18 U.S.C. § 3571(b). Finally, the Court is required to impose a mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth Section 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Defendant has a base offense level of twenty (20) for possessing a firearm after sustaining a felony conviction for a crime of violence. U.S.S.G. §§2K2.1(a)(4)(A), 4B1.2(a). Probation argues two offense levels should be added under U.S.S.G. §3C1.2 because Defendant "recklessly created a substantial risk of serious bodily injury to an arresting officer by engaging the throttle of the motorcycle." PSR ¶ 10; Sealed Addendum to the PSR ("Addendum") at 1, ECF No. 86.

7

Defense counsel contends this enhancement should *not* apply because Defendant neither knew nor had reason to know the police officers were law enforcement:

> Because the car was unmarked and had no lights or sirens activated, and because at the point of the attempted flight there was no announcement that the individuals in the car were police, and because [Defendant] could not focus on their uniforms until he was already on the ground having been knocked off the motorcycle, the facts do not support a finding that he knew the men attacking him were police officers.

Def. Sent'g Mem. at 5, ECF No. 85 (citing *United States v. Stafford*, 721 F.3d 380, 401 (6th Cir. 2013)); *see also* Def. Obj. to the PSR at 1–2, ECF No. 77 (citing additional cases from the Sixth and Tenth Circuits).

Probation responds that Defendant "had ample time to see the Officers were wearing a uniform as they approached his motorcycle and identify them as law enforcement." Addendum at 2. The Government agrees with Probation but "nevertheless advocate[s] for the Guidelines estimate set forth in the plea agreement," which did not include the enhancement. Gov't Sent'g Mem. at 5.

The enhancement notwithstanding, three offense levels are subtracted because Defendant timely accepted responsibility. U.S.S.G. §3E1.1(a)–(b). Probation argues these reductions result in a total offense level of nineteen (19); the Government and defense counsel argue they result in a total offense level of seventeen (17). PSR ¶ 22; Gov't Sent'g Mem. at 5; Def. Sent'g Mem. at 5.

A criminal history category of VI and total offense level of nineteen (19) results in a Guidelines range of 63–78 months' imprisonment. U.S.S.G. §5A. A criminal history category of VI and total offense level of seventeen (17) results in a Guidelines range of 51–63 months' imprisonment. *Id.* Probation recommends a sentence of 72 months' imprisonment; two years' supervised release with special conditions; and a $100.00 mandatory special assessment. The

Government recommends a sentence of 63 months' imprisonment. Gov't Sent'g Mem. at 1, 5, 8. Defense counsel recommends a sentence within the Guidelines range of 51–63 months' imprisonment. Def. Sent'g Mem. at 3.

The Court appreciates the sentencing arguments raised by all parties and has thoroughly considered each in turn.

### E.   Pertinent Policy Statement(s) of the Sentencing Commission

The fifth Section 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

Probation directs the Court to Policy Statement §4A1.3, which states "an upward departure may be warranted" when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." PSR ¶ 94. Probation emphasizes that "[a]lthough [Defendant] was assigned the highest criminal history category available under the [G]uidelines (VI), he had almost double the criminal history points required for that category." *Id.*

### F.   The Need to Avoid Unwarranted Sentence Disparities

The sixth Section 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

For the reasons stated in this Memorandum and Order, and considering the other Section 3553(a) factors, Defendant's sentence avoids unwarranted sentence disparities.

G.     **The Need to Provide Restitution**

Finally, the seventh Section 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is not applicable in this case. *See* Plea Agreement ¶ 1(e).

## IV. CONCLUSION

For the reasons set forth above, the Court sentences Defendant to 63 months' imprisonment; two years' supervised release with both the special and standard conditions of supervision; and a $100.00 mandatory special assessment. This sentence is sufficient but not greater than necessary to accomplish the purposes of Section 3553(a)(2). The Court does not impose a fine considering Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Presentence Investigation Report and Addendum thereto, as corrected herein, to the extent those findings are not inconsistent with this opinion.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:   September 2, 2025
         Brooklyn, New York